UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael MURRAY,
Defendant–Appellant.

No. 87–1355.

United States Court of Appeals,
Tenth Circuit.

April 7, 1988.

Paul J. Kennedy, Albuquerque, N.M., for defendant-appellant.

Presiliano A. Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a companion case to *United States v. Barrera*, 843 F.2d 1576, decided this date. See our opinion in *Barrera* for background facts. Murray and Barrera were co-defendants, along with Ernesto Michael Martinez, in an indictment which, in two counts, charged the three defendants with possession of methamphetamine with an intent to distribute, and the manufacture of methamphetamine, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Murray, the appellant in this appeal, and Barrera, the appellant in No. 87–1230, were both convicted on both counts. Martinez was convicted of a lesser included offense under Count 1 and has not appealed.

On appeal, Murray raises two issues: (1) The search was unlawful because the affidavit which was the basis for the state judge's issuance of a search warrant contained material misstatements and that he should have been allowed an evidentiary hearing of the type mandated in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); and (2) his motion for a severance was improperly denied. For the reasons set forth in our opinion in *United States v. Barrera*, we conclude that the district court did not err in refusing the request of both Murray and Barrera that they be given a *Franks*-type hearing.

As indicated, Murray also argues in his appeal that the district court erred in denying his motion that he be separately tried from Barrera. We do not agree.

Three days prior to trial the prosecution presented to defense counsel a summary of statements made by Barrera to police officers which statements the prosecution proposed to introduce into evidence at the joint trial. Murray immediately asked that his trial be severed from Barrera's trial because certain statements made by Barrera to the police tended to incriminate him. This motion was denied.

At trial, witnesses were called who testified concerning statements made by Bar-

rera to the police at the time of his arrest. In this regard, questions propounded to those witnesses by the United States Attorney, and by counsel for Barrera and Martinez in cross-examination, tended to incriminate Murray, according to counsel, in the following particulars: (1) There was some suggestion that Murray was leasing the outbuilding from Barrera; and (2) there was the suggestion, through a process of elimination, that a gym bag containing methamphetamine found in Barrera's residence belonged to Murray. Such, according to counsel, violates *Burton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the Supreme Court held that "because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's [Bruton's] guilt, admission of Evans' [Bruton's co-defendant] confession [which implicated Bruton in robbery] in this joint trial violated petitioner's [Bruton's] right of cross-examination secured by the Confrontation Clause of the Sixth Amendment." *Id.* at 126, 88 S.Ct. at 1622.

We fail to see any real *Bruton* violation. The testimony objected to is oblique in character. Be that as it may, any possible error in this regard is, in our view, harmless beyond a reasonable doubt. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh'g denied*, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

The central issue in this appeal is the validity of the search. The search itself caught Murray and the two other defendants in a small outbuilding where methamphetamine was being manufactured. Murray himself had the rubber gloves on and was "pouring" from one vessel into another. Whether Murray was "leasing" from Barrera, or was a "licensee" or "invitee" is of no moment. Nor is it of any moment who owned a bag found in Barrera's residence. The present charges were not based on the ownership of the bag or its contents. The important undisputed fact is that Murray was caught "redhanded," i.e., "gloves on," manufacturing methamphetamine. Accordingly, any *Bruton* error was harmless error beyond a reasonable doubt. The Supreme Court in *Harrington* spoke as follows: "The case against Harrington was not woven from circumstantial evidence. It is so overwhelming that unless we say that no violation of *Bruton* can constitute harmless error, we must leave this state conviction undisturbed." *Harrington v. California*, 395 U.S. at 254, 89 S.Ct. at 1729. Here, Murray was caught in the act and failure to try him separately was harmless error, if any.

Judgment affirmed.